NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| PIERCE BRYANT, | Civil Action No. 19-4758 (MAS) (LHG) |
| Plaintiff, | |
| v. | OPINION |
| MICHAEL TRAENDLY, et al., | |
| Defendants. | |

**SHIPP, District Judge:**

Plaintiff Pierce Bryant brings this Complaint asserting claims pursuant to 42 U.S.C. § 1983. (Compl., ECF No. 1.) Plaintiff has previously been granted *in forma pauperis* status in this matter. (Order, ECF No. 2.) The Court will review the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(b) to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may by granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the reasons explained below, the Court will dismiss certain claims and will allow other claims to proceed past screening.

**I.    FACTUAL BACKGROUND**

Plaintiff brings this civil rights action against the following defendants: Senior Parole Officer Michael Traendly ("Traendly"), Sergeant Parole Officer Tania Larkin ("Larkin"), and the New Jersey State Parole Board. (Compl. 1.) Plaintiff states that in 2011, he was sentenced to a maximum of three years imprisonment with "Parole Supervision for Life ("PSL")." (*Id.* at 7.) On February 27, 2018, Traendly seized and searched Plaintiff's mobile device without Plaintiff's knowledge or consent. (*Id.*) On March 8, 2018, Traendly failed to Mirandize Plaintiff before

transporting him to Mercer County Jail. (*Id.*) Plaintiff avers that Larkin ordered the search and seizure of Plaintiff's mobile device and ordered that Plaintiff be transported to Mercer County Jail. (*Id.*) Plaintiff states that he was never afforded a bail hearing. (*Id.*) In 2014, 2016, and 2018, Plaintiff was given a parole hearing outside of a courtroom, in which parole officers Allen Delvento and Reni Erdos impersonated judges and imposed sentences for non-criminal acts. (*Id.*) Plaintiff argues that his First, Fourth and Fifth Amendment rights are violated "due to the illegal sentence of 'PSL.'" (*Id.* at 7–8.) He also argues that the New Jersey Parole Board unlawfully prescribed a sentence which exceeds Plaintiff's initial criminal sentence. (*Id.* at 8.)

## II. **LEGAL STANDARD**

Under the Prison Litigation Reform Act ("PLRA"), district courts are required to review civil actions in which a prisoner proceeds *in forma pauperis*. *See* 28 U.S.C. § 1915(e)(2)(B). When reviewing such actions, the PLRA instructs courts to dismiss cases that are at any time frivolous or malicious, fail to state a claim on which relief may be granted, or seek monetary relief against a defendant who is immune. *Id.* "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

Because Plaintiff is proceeding *in forma pauperis*, the applicable provisions of the PLRA apply to the screening of his Amended Complaint. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at

555.) In order to survive a dismissal for failure to state a claim, a complaint must allege "sufficient factual matter to show that the claim is facially plausible." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (internal quotation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556.) A Plaintiff must be able to demonstrate that "each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Id.* at 676. Furthermore, while *pro se* pleadings are liberally construed, they "still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

### III. ANALYSIS

The Court considers Plaintiff's claims brought pursuant to 42 U.S.C. § 1983. To recover under this provision, two elements must be shown. First, a plaintiff "must establish that the defendant acted under color of state law," and second, that the plaintiff has been deprived of "a right secured by the Constitution." *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011) (citing *West v. Atkins*, 487 U.S. 42, 48 (1988)).

From the outset, the New Jersey State Parole Board is not a "person" subject to suit under 42 U.S.C. § 1983. *See Madden v. New Jersey State Parole Board*, 438 F.2d 1189, 1190 (3d Cir. 1981); *Alford v. Wisenhower*, No. 17-6259, 2018 WL 650926, at *3 (D.N.J. Jan. 31, 2018). All claims against this Defendant will be dismissed with prejudice.[1]

---

[1] Plaintiff mentions two individuals—Allen Delvento and Reni Erdos—in his Complaint. Plaintiff, however, does not include those individuals as defendants in this action. To the extent Plaintiff wishes to include them or other parole board members as defendants, he must file a proposed amended complaint including any additional defendants.

Plaintiff states that he is subject to PSL. Plaintiff has not described the terms of his parole conditions. Because it is conceivable that Plaintiff was the subject of an unlawful search, seizure and subsequent false arrest, the Court will permit Plaintiff's Fourth Amendment claims to proceed at this time. The Court will also permit Plaintiff's claim that he was not afforded a bail hearing, and other due process protections, before being reincarcerated, to proceed past screening. The Court notes, however, that the viability of these claims likely rise and fall with the terms of Plaintiff's PSL.

Plaintiff next argues that PSL is illegal. Insofar as Plaintiff is challenging the constitutionality of the New Jersey statute creating PSL, the Court permits this claim to proceed at this time. The Court notes, however, that if Plaintiff is instead attacking his parole violation based on the terms of PSL, such a claim must be raised in a petition for writ of habeas corpus under 28 U.S.C. § 2254. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) ("[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release . . . his sole federal remedy is a writ of habeas corpus.").

Finally, Plaintiff avers that he was not Mirandized before being reincarcerated. The failure to provide proper *Miranda* warnings does not necessarily give rise to a claim under § 1983. *See Chavez v. Martinez*, 538 U.S. 760, 772 ("*Miranda*'s warning requirement is 'not itself required by the Fifth Amendmen[t] . . . but is instead justified only by reference to its prophylactic purpose'") (quoting *Connecticut v. Barrett*, 479 U.S. 523, 528 (1987)). A *Miranda* claim only becomes actionable under § 1983 when a statement elicited in the absence of *Miranda* warnings is used against the individual at trial. *Renda v. King*, 347 F.3d 550, 557–58 (3d Cir. 2003) ("questioning a plaintiff in custody without providing *Miranda* warnings is not a basis for a § 1983 claim as long

as the plaintiff's statements are not used against her at trial."). Because Plaintiff has not alleged that any evidence elicited in the absence of *Miranda* warnings was used against him at trial, Plaintiff's *Miranda* claim is dismissed.

## IV. CONCLUSION

For the foregoing reasons, the Court will dismiss with prejudice Plaintiff's claims against the New Jersey State Parole Board, and will dismiss without prejudice Plaintiff's claim relating to alleged inadequate *Miranda* warnings. The Court will permit Plaintiff's remaining claims to proceed. An appropriate Order follows.

Dated: 3/5/20

/s/ Michael A. Shipp
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**