**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

PIERCE BRYANT,

                Plaintiff,

                v.

MICHAEL TRAENDLY, et al.,

                Defendants.

Civil Action No. 19-4758 (MAS) (LHG)

**OPINION**

**SHIPP, District Judge**

    This matter comes before the Court on Defendants' Motion seeking Summary Judgment in this prisoner civil rights matter. (ECF No.28.) Plaintiff did not file any opposition to the Motion. (*See* ECF Docket Sheet.) For the following reasons, Defendants' Motion is granted, and judgment shall be entered in favor of Defendants as to Plaintiff's Due Process claims. Plaintiff's challenge to Parole Supervision for Life shall be dismissed without prejudice as *Heck* barred.

**I.    BACKGROUND**

    In 2009, Plaintiff was convicted of endangering the welfare of a child as a result of an incident in which he sexually assaulted an underage girl. (ECF No. 28-3 at 1.) Plaintiff was ultimately sentenced to a three-year custodial sentence accompanied by a term of parole supervision for life. (*Id.* at 1-2.) Upon the completion of his custodial sentence, Petitioner was provided with the terms of his parole supervision. (*Id.* at 2.) Plaintiff thereafter had his parole revoked in 2011, 2014, 2017, and 2018. (*Id.*)

Petitioner's most recent revocation arose out of events that happened in late 2017 and early 2018. These events include Petitioner briefly moving from his approved housing to spend several days living with his girlfriend at a motel on two occasions in November 2017 and February 2018 without the required permission of his parole officer, Petitioner maintaining multiple social media accounts in contravention of his parole terms, Plaintiff using alcohol and drugs in late 2017 despite parole terms requiring he not use either, and Plaintiff traveling out of state without permission. (*See* ECF No. 28-2 at 28-30.) Following these incidents, parole officers attempted to place Petitioner on GPS monitoring, but Plaintiff was out of his approved residence during each attempt, despite his curfew requiring he be home between 7 pm and 5 am. (*Id.* at 29.)

Based on this series of violations, Plaintiff was arrested pending parole revocation hearings in March 2018. (*Id.* at 29.) Following a revocation hearing, Plaintiff's hearing officer again recommended his parole be revoked for an eighteen-month term of imprisonment in June 2018. (*Id.* at 33.) Members of the state Parole Board thereafter upheld this finding, and revoked Plaintiff's parole. (*Id.* at 27.) Plaintiff appealed to the full board, but they denied his appeal and upheld the parole revocation. (*Id.* at 44.) Petitioner did not appeal that decision to the Appellate Division of the New Jersey Superior Court. (*Id.*)

In his current complaint, Petitioner asserts that the two remaining named Defendants violated his Fourth Amendment rights by searching his phone without his permission, and that he was denied Due Process when he was arrested and forced to appear before parole personnel at his revocation hearings rather than a superior court judge.[1] (*See* ECF No. 1.) Petitioner also seeks to assert that Parole Supervision for Life is unconstitutional, and that his sentence of parole

---

[1] Plaintiff also raised claims against the Parole Board and a claim premised on a supposed *Miranda* violation in his complaint, but this Court dismissed those claims at screening. (*See* ECF Nos. 7-8.)

supervision be vacated.  (ECF No. 28-2 at 44.)  Despite this desire, Plaintiff has not sought to file a habeas petition challenging his sentence or parole revocations.  (*Id.*)

## II.     LEGAL STANDARD

Pursuant to Rule 56, a court should grant a motion for summary judgment where the record "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  The moving party bears the initial burden of "identifying those portions of the pleadings depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  A factual dispute is material "if it bears on an essential element of the plaintiff's claim," and is genuine if "a reasonable jury could find in favor of the non-moving party." *Blunt v. Lower Merion Sch. Dist.*, 767 F.3d 247, 265 (3d Cir. 2014). In deciding a motion for summary judgment a district court must "view the underlying facts and all reasonable inferences therefrom in the light most favorable to the party opposing the motion," *id.*, but must not make credibility determinations or engage in any weighing of the evidence. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, [however,] there is no genuine issue for trial." *Matsuhita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

Once the moving party has met this initial burden, the burden shifts to the non-moving party who must provide evidence sufficient to establish that a reasonable jury could find in the non-moving party's favor to warrant the denial of a summary judgment motion. *Lawrence v. Nat'l Westminster Bank New Jersey*, 98 F.3d 61, 65 (3d Cir. 1996); *Serodio v. Rutgers*, 27 F. Supp. 3d 546, 550 (D.N.J. 2014).

> "A nonmoving party has created a genuine issue of material fact if it has provided sufficient evidence to allow a jury to find in its favor at trial. However, the party opposing the motion for summary judgment cannot rest on mere allegations, instead it must present actual evidence that creates a genuine issue as to a material fact for trial."

*Serodio*, 27 F. Supp. 3d at 550.

Pursuant to Federal Rule of Civil Procedure 56(e)(2) and Local Civil Rule 56.1, where, as here, the moving party files a proper statement of material facts and the non-moving party fails to file a responsive statement of disputed material facts, this Court is free to consider the moving party's statement of material facts undisputed and therefore admitted for the purposes of resolving the motion for summary judgment. *See, e.g., Ruth v. Sel. Ins. Co.*, No. 15-2616, 2017 WL 592146, at *2-3 (D.N.J. Feb. 14, 2017). Even where the defendants' statement of material facts is deemed admitted and unopposed, a district court is still required to "satisfy itself that summary judgment is proper because there are no genuine disputes of material fact and that [Defendants are] entitled to judgment as a matter of law" in order to grant summary judgment. *Id.* At 2 (citing *Anchorage Assocs. v. Virgin Islands Bd. Of Tax Review*, 922 F.2d 168, 175 (3d Cir. 1990)).

## III. DISCUSSION

### A. Plaintiff's Challenge to Parole Supervision for Life is barred

In their chief argument, Defendants argue that they are entitled to judgment as a matter of law as to Petitioner's challenge to his sentence of Parole Supervision for Life as that sentence has never been invalidated, and any challenge to that sentence or any suit seeking damages therefrom is barred pursuant to the doctrine announced in *Heck v. Humphries*, 512 U.S. 477, 486-87 (1994). As the Supreme Court has since explained, under this doctrine, "a . . . prisoner's [civil rights] action is barred (absent prior invalidation [of his period of detention]) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal [disciplinary] proceedings) – *if* success in that action would necessarily

4

demonstrate the invalidity of the confinement or its duration" *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005). As it is clear that a finding that the Parole Supervision for Life statute, or, indeed, any of the specific terms of parole applicable to Petitioner, would directly imply the invalidity of both Petitioner's parole term and his various parole revocations, *see State v. R.K.*, 463 N.J. Super. 386, 418 (App. Div. 2020) (finding that single parole condition is unconstitutional requires resentencing to remove that condition and implies the invalidity of parole violations), and as Petitioner directly admits that he seeks to use his challenge to the parole statute to challenge and invalidate his parole sentence which has not been invalidated at this time, his claim is clearly barred by *Heck* and must be dismissed as such. *Wilkinson*, 544 U.S. at 81-82.

**B. Defendants are entitled to summary judgment as to Plaintiff's Due Process claims**

Defendants next argue that they are entitled to judgment as to Plaintiff's Due Process claims in which he asserts that he was denied a bail or bond hearing and that he was denied Due Process when his parole revocation was overseen by the Parole Board and its employees rather than a judicial officer. A "revocation of parole is not part of a criminal prosecution and thus the full panoply of rights due a defendant in such a proceeding does not apply to parole revocations." *Morrissey v. Brewer*, 408 U.S. 471, 480 (1972). While state law may provide a parolee with greater protections, the federal Due Process rights attached to a parole revocation are limited to the following:

> (a) written notice of the claimed violations of parole; (b) disclosure to the parolee of evidence against him; (c) [an] opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation); (e) a 'neutral and detached' hearing body such as a traditional parole board, members of which need not be judicial officers or lawyers; and (f) a written statement by the factfinders as to the evidence relied on and reasons for revoking parole.

*Id.* at 488-89.  The state of New Jersey also provides parolees with a waivable entitlement to a preliminary hearing within fourteen days, and a revocation hearing which usually occurs within sixty days but may be postponed for a further 120 days.  *See Peterson v. Sullivan*, No. , 2009 WL 47158, at *5 (D.N.J. Jan. 6, 2009); *see also* N.J. Admin. Code §§ 10A:71-7.1; 10A:71:7.5A; 10A:71-7.13.

In this matter, Plaintiff waived an initial hearing or probable cause hearing, and requested he proceed to a revocation hearing which was held within the 180-day maximum time frame for such a hearing.  (*See* ECF No. 28-2 at 28.)  He was provided with a notice of probable cause containing the alleged parole violations and evidence against him in March 2018 immediately following his arrest, he received a hearing which provided him an opportunity to testify or call witnesses and confront the witnesses against him which was held before a neutral hearing officer employed by the Parole Board and an ultimate determination by the full Board, and was provided by a written statement of reasons for the revocation of his parole.  Plaintiff thus received all the process he was due under the Due Process Clause and state law.  *Peterson*, 2009 WL 47158 at *5; *see also Morrissey*, 408 U.S. at 488-89.  Plaintiff is neither entitled to a bond or bail hearing, nor was he entitled to a hearing before a judicial officer.  *Morrissey*, 408 U.S. at 488-89.  Likewise, as his criminal sentence included Parole Supervision for Life and potential future prison terms as a result of any violation of the terms of that parole, that he was given parole revocation terms did not "exceed" his original criminal sentence nor deny him Due process.  Plaintiff was thus not denied Due Process when he was not given a bail hearing or judicial proceeding as part of his parole revocation, and Defendants are therefore entitled to summary judgment as to Plaintiff's Due Process claims.

### C. Defendants have failed to address Plaintiff's Fourth Amendment claims

Although Defendants have moved for, and shown an entitlement to, summary judgment as to Plaintiff's Due Process claims and his Parole Supervision for Life challenge, they have not moved for judgment on the two Fourth Amendment claims which this Court proceeded in its screening opinion: Plaintiff's claim that his phone was illegally searched and seized, and that he was illegally arrested. Those claims thus remain before the Court at this time. While Defendants have not yet moved for judgment on those claims, the factual documents Defendants have provided suggest that those claims may well be meritless – *i.e.*, Plaintiff's parole terms suggested that his parole officers did not need his consent or knowledge to require him to let them search his possessions and he was required to comply with a search so long as they had a reasonable basis for the search; and the parole documents certainly suggest that his parole officer had probable cause to arrest him for various parole violations. (*See* ECF No. 28-2 at 24, 27-33.) Because it appears that Defendants may have inadvertently failed to move for judgment as to these remaining Fourth Amendment claims, this Court will permit them to file a second summary judgment motion within thirty days.

### IV. CONCLUSION

In conclusion, Defendants' Motion for Summary Judgment (ECF No. 28) is granted, and judgment shall be entered in favor of Defendants on Plaintiff's Due Process claims. Plaintiff's challenge to his Parole Supervision for Life term is in turn dismissed without prejudice as *Heck* barred. An appropriate order follows.

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE