**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| PIERCE BRYANT,<br><br>    Plaintiff,<br><br>v.<br><br>MICHAEL TRAENDLY, et al.,<br><br>    Defendants. | Civil Action No. 19-4758 (MAS) (LHG)<br><br>**OPINION** |

**SHIPP, District Judge**

   This matter comes before the Court on Defendants' Second Motion seeking Summary Judgment in this prisoner civil rights matter. (ECF No. 31.) Plaintiff did not file opposition to the Motion. (*See* ECF Docket Sheet.) For the following reasons, the Court grants Defendants' Motion, enters judgment in favor of Defendants as to Plaintiff's illegal search claim, and dismisses Plaintiff's false arrest claim without prejudice.

**I.    BACKGROUND**

   This Court summarized the background of this matter as follows in the opinion deciding Defendants' first summary judgment motion:

> In 2009, Plaintiff was convicted of endangering the welfare of a child as a result of an incident in which he sexually assaulted an underage girl. (ECF No. 28-3 at 1.) Plaintiff was ultimately sentenced to a three-year custodial sentence accompanied by a term of parole supervision for life. (*Id.* at 1-2.) Upon the completion of his custodial sentence, [Plaintiff] was provided with the terms of his parole supervision. (*Id.* at 2.) Plaintiff thereafter had his parole revoked in 2011, 2014, 2017, and 2018. (*Id.*)

> [Plaintiff's] most recent revocation arose out of events that happened in late 2017 and early 2018. These events include [Plaintiff] briefly moving from his approved housing to spend several days living with his girlfriend at a motel on two occasions in November 2017 and February 2018 without the required permission of his parole officer, [Plaintiff] maintaining multiple social media accounts in contravention of his parole terms, Plaintiff using alcohol and drugs in late 2017 despite parole terms requiring he not use either, and Plaintiff traveling out of state without permission. (*See* ECF No. 28-2 at 28-30.) Following these incidents, parole officers attempted to place [Plaintiff] on GPS monitoring, but Plaintiff was out of his approved residence during each attempt, despite his curfew requiring he be home between 7 pm and 5 am. (*Id.* at 29.)
>
> Based on this series of violations, Plaintiff was arrested pending parole revocation hearings in March 2018. (*Id.* at 29.) Following a revocation hearing, Plaintiff's hearing officer again recommended his parole be revoked for an eighteen-month term of imprisonment in June 2018. (*Id.* at 33.) Members of the state Parole Board thereafter upheld this finding, and revoked Plaintiff's parole. (*Id.* at 27.) Plaintiff appealed to the full board, but [it] denied his appeal and upheld the parole revocation. (*Id.* at 44.) [Plaintiff] did not appeal that decision to the Appellate Division of the New Jersey Superior Court. (*Id.*)
>
> In his current complaint, [Plaintiff] asserts that the two remaining named Defendants violated his Fourth Amendment rights by searching his phone without his permission [for evidence of illicit social media use], and that he was denied Due Process when he was arrested. . . . Plaintiff has not sought to file a habeas petition challenging his sentence or parole revocations. (*Id.*)

(ECF No. 29 at 1-3.)

In December 2021, Defendants moved for summary judgment as to several of Plaintiff's claims. (ECF No. 28.) This Court granted that motion in February 2022. (ECF Nos. 29-30.) Following the grant of the summary judgment motion, only two claims remain in this matter: Plaintiff's claim that he was improperly arrested and placed in parole revocation proceedings, and a claim in which Plaintiff asserts that he was subjected to an improper search of his cell phone by parole officers. Defendants now move for judgment as to those two claims. (ECF No. 31.)

2

## II. **LEGAL STANDARD**

Pursuant to Rule 56, a court should grant a motion for summary judgment where the record "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the initial burden of "identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine [dispute] of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). A factual dispute is material "if it bears on an essential element of the plaintiff's claim," and is genuine if "a reasonable jury could find in favor of the non-moving party." *Blunt v. Lower Merion Sch. Dist.*, 767 F.3d 247, 265 (3d Cir. 2014). In deciding a motion for summary judgment, a district court must "view the underlying facts and all reasonable inferences therefrom in the light most favorable to the party opposing the motion," *id.*, but must not make credibility determinations or engage in any weighing of the evidence. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, [however,] there is no genuine [dispute] for trial." *Matsuhita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

Once the moving party has met this initial burden, the burden shifts to the non-moving party who must provide evidence sufficient to establish that a reasonable jury could find in the non-moving party's favor to warrant the denial of a summary judgment motion. *Lawrence v. Nat'l Westminster Bank N.J.*, 98 F.3d 61, 65 (3d Cir. 1996); *Serodio v. Rutgers*, 27 F. Supp. 3d 546, 550 (D.N.J. 2014).

> A nonmoving party has created a genuine [dispute] of material fact if it has provided sufficient evidence to allow a jury to find in its favor at trial. However, the party opposing the motion for summary judgment cannot rest on mere allegations, instead it must present

> actual evidence that creates a genuine [dispute] as to a material fact for trial.

*Serodio*, 27 F. Supp. 3d at 550.

Pursuant to Federal Rule of Civil Procedure 56(e)(2) and Local Civil Rule 56.1, where, as here, the moving party files a proper statement of material facts and the non-moving party fails to file a responsive statement of disputed material facts, the Court is free to consider the moving party's statement of material facts undisputed and therefore admitted for the purposes of resolving the motion for summary judgment. *See, e.g., Ruth v. Sel. Ins. Co.*, No. 15-2616, 2017 WL 592146, at *2-3 (D.N.J. Feb. 14, 2017). Even where the defendants' statement of material facts is deemed admitted and unopposed, a district court is still required to "satisfy itself that summary judgment is proper because there are no genuine disputes of material fact and that the [defendants are] entitled to judgment as a matter of law" in order to grant summary judgment. *Id.* at 2 (citing *Anchorage Assocs. v. V.I. Bd. of Tax Review*, 922 F.2d 168, 175 (3d Cir. 1990)).

### III. DISCUSSION

#### A. Plaintiff's false arrest claim is barred.

In their second summary judgment motion, Defendants first argue that Plaintiff's claim in which he asserts that he was improperly arrested by his parole officer, leading to his parole revocation proceedings, is barred. Generally, a civil rights plaintiff may not seek relief via a § 1983 claim where his success on the merits would imply the invalidity of the fact or length of a valid criminal conviction or period of parole revocation. *See, e.g., Tingey v. Gardner*, 827 F. App'x 195, 197-98 (3d Cir. 2020); *Williams v. Consovoy*, 453 F.3d 173, 177-78 (3d Cir. 2006). Such a claim may only proceed if the plaintiff secures a favorable termination as to his underlying conviction or parole violation—*i.e.*, where his parole revocation is invalidated through other means. *Tingey*, 827 F. App'x at 198; *Williams*, 453 F.3d at 177-78. The Third Circuit has extended this rule to apply specifically to Fourth Amendment claims challenging arrests for parole violations

4

which lead to a parole revocation. *Tingey*, 827 F. App'x at 198; *Williams*, 453 F.3d at 177-78 (claim alleging parole officer lacked probable cause to arrest on parole violation charges barred absent favorable termination of parole revocation proceedings). Thus, where, as here, a plaintiff seeks to raise a claim challenging an arrest on a parole violation, he may not proceed with that claim unless and until he has secured a favorable termination as to his parole revocation. As Plaintiff has not had his parole revocation invalidated (*see* ECF No. 31-4 at 6), he has not secured a favorable determination, and his arrest related claim is barred until such time as he does so. *Tingey*, 827 F. App'x at 198; *Williams*, 453 F.3d at 177-78. Plaintiff's false arrest claim related to his parole revocation therefore must be dismissed without prejudice.

**B.    Defendants are entitled to judgment on Plaintiff's illegal search claim.**

Defendants next argue that they are entitled to judgment as a matter of law on Plaintiff's illegal search claim as they had, at the very least, reasonable suspicion to require that Plaintiff permit a search of his cell phone in light of evidence of illicit social media use. Although the Fourth Amendment usually requires that state officials possess a warrant issued on probable cause to search an individual or his property, because those subject to parole supervision possess substantially diminished expectations of privacy and are subject to legitimate oversight by the controlling parole board, parolees and their property may be lawfully searched so long as parole officials have a "reasonable suspicion" of wrongdoing, including violations of parole terms. *See United States v. Baker*, 221 F.3d 438, 443-44 (3d Cir. 2000); *see also Samson v. California*, 547 U.S. 843, 850-52 (2006) (states have an "overwhelming interest" in supervising parolees, and may subject them to searches that would not be permitted as to the general public); *United States v. Williams*, 417 F.3d 373, 376 (3d Cir. 2005). Reasonable suspicion will exist to support a search of a parolee where the totality of the circumstances would give the officers involved "a particularized and objective basis for suspecting legal wrongdoing." *Williams*, 417 F.3d at 376.

5

The facts presented here indicate that, after a number of minor parole violations, Plaintiff's parole officers checked various social media sites—many of which Plaintiff had violated parole previously by using—to see if his accounts were in active use, which turned up evidence that Plaintiff's twitter account had made recent posts. (ECF No. 31-4 at 3-4.) These posts certainly gave the officer a reasonable basis for believing that Plaintiff was using that twitter account, especially in light of Plaintiff's previous illicit use of social media in violation of his parole terms. As the officer therefore had a reasonable suspicion that Plaintiff was actively violating his parole terms, the officer had ample basis for a lawful search under the Fourth Amendment. *Williams*, 417 F.3d at 376; *Baker*, 221 F.3d at 443-44. As the search of Plaintiff's phone for further evidence of use of social media posts was lawful, Defendants are clearly entitled to judgment as a matter of law as to Plaintiff's illegal search claim, and their motion must therefore be granted.

### IV.     CONCLUSION

Defendants' Second Motion for Summary Judgment (ECF No. 31) is granted. The Court dismisses without prejudice Plaintiff's false arrest claim and enters judgment in favor of Defendants on Plaintiff's illegal search claim. An appropriate order follows.

*[signature]*

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE